**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

WOODROW FLEMMING,

                          Plaintiff,

    - v -                                          Civ. No. 9:13-CV-1324
                                                                     (MAD/RFT)

BRENT MOULTON, *C.O. Upstate Correctional Facility*;
JAMES WILLETT, *C.O. Upstate Correctional Facility*;
JOHN FINAZZO, *C.O. Upstate Correctional Facility*;
RICHARD WENTZEL; *C.O. Upstate Correctional Facility*;
THOMAS BOYEA, *Sgt. Upstate Correctional Facility*.

                          Defendants.

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| WOODROW FLEMMING | |
| *Pro se* Plaintiff | |
| P.O. Box 146 | |
| New York, NY 10039 | |
| | |
| HON. ERIC T. SCHNEIDERMAN | HELENA LYNCH, ESQ. |
| Attorney General of the State of New York | Assistant Attorney General |
| Attorney for Defendants | |
| The Capitol | |
| Albany, NY 12224 | |

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

*Pro se* Plaintiff Woodrow Flemming commenced a civil rights action, pursuant to 42 U.S.C. § 1983, alleging numerous claims against sixteen Defendants arising from his incarceration at Upstate Correctional Facility. *See generally* Dkt. No. 1.

Before the Court is Defendants' Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(5). Dkt. No. 20. On March 16, 2015, Plaintiff filed a Response in Opposition. Dkt. No. 21. On March 19, 2015, Defendants filed a corrected Memorandum of Law, Dkt. No. 22, and on March 20, 2015, Defendants filed a Reply. Dkt. No. 23.

## I. Background

On August 29, 2014, the Honorable Mae A. D'Agostino, United States District Judge, issued a Decision and Order in which she determined that only Plaintiff's Eighth Amendment excessive force claim against Defendants Moulton, Willett, Welch, Finazzo, and Boyea survived *sua sponte* review under 28 U.S.C. § 1915A. Dkt. No. 10. Therein, because Plaintiff had been denied leave to proceed *in forma pauperis*, the Clerk of the Court was instructed to "issue summonses and forward them to Plaintiff so that he may serve Defendants Moulton, Willett, Welch, Finazzo, and Boyea in accordance with Rule 4 of the Federal Rules of Civil Procedure." *Id.* at p. 14 n.17. That same day, the Clerk erroneously terminated Defendant Welch instead of Wentzel from this action; and on September 2, 2014, the Clerk provided Plaintiff with Summonses for Defendants Boyea, Finazzo, Moulton, Wentzel, and Willet. Dkt. No. 11.

On September 12, 2014, Plaintiff submitted a letter requesting, in part, that this Court issue an order directing the state attorney to provide Plaintiff with each

Defendant's address so that he could effect service. Dkt. No. 12. On January 12, 2015, Plaintiff filed a second letter requesting that this Court assist him with service and reissue the summonses as he did not receive them. Dkt. No. 15. On January 15, 2015, this Court issued a Text Order in response to Plaintiff's requests for assistance with service, which stated:

> The Clerk is directed to reissue summonses in this action and send them to plaintiff for service on the individual defendants. Plaintiff must file proof of service in accordance with Fed. R. Civ. P. 4. Defendants Mouton and Willet are identified on the docket as employees at Upstate C.F. and service of process should be effected on them at that location. Plaintiff is not required to effect service of process on the New York Attorney General; a copy of the summons and complaint has been mailed to that office.

Dkt. No. 16.

On January 16, 2015, the Clerk reissued the Summonses, which again named Defendants Boyea, Finazzo, Moulton, Wentzel, and Willet. Dkt. No. 17.

On February 4, 2015, Upstate received three envelopes individually addressed to Defendants Boyea, Finazzo, and Wentzel. Each envelope contained one copy of the Summons and Complaint along with a "Proof of Service" form bearing Plaintiff's signature. Dkt. Nos. 20-3, Mainville Ex. A-Pt. I; 20-4, Mainville Ex. A-Pt. II; 20-5, Mainville Ex. B-Pt. I; 20-6, Mainville Ex. B-Pt. II; 20-7, Mainville Ex. C-Pt. I, & 20-8, Mainville Ex. C-Pt. II; *see also* Dkt. No. 20-2, Donna Mainville Decl., dated Feb. 20, 2015, at ¶¶ 3-20. On February 6, 2015, Upstate received an envelope addressed

to Defendant Willett, which contained a copy of the Summons and Complaint and a "Proof of Service" form signed by the Plaintiff.

On February 6, 2010, Riverview Correctional Facility received an envelope addressed to Defendant Moulton, which contained a copy of the Summons and Complaint as well as a "Proof of Service" form bearing Plaintiff's signature. Dkt. No. 20-12, Burke Ex. A-Pt. I; *see also* Dkt. No. 20-11, Brenda Burke Decl., dated Feb. 20, 2014, at ¶¶ 3-9. All five envelopes were mailed *via* the United States Postal Service regular, first-class mail. Burke Decl. at ¶ 6; Mainville Decl. at ¶¶ 6, 12, 18, & 23.

Presently, Defendants seek to dismiss the Complaint due to insufficient service of process. In particular, Defendants contend that the mailings were defective as they did not conform to method of service prescribed by N.Y.C.P.L.R. 312-a, which requires mailings to include two copies of a statement of service and acknowledgment of receipt. As a result, Defendants contend that service was not completed as they did not "and remain unable to sign and return acknowledgment forms with which they were not provided." Defs.' Mem. of Law, at p. 7.

## II. DISCUSSION

### A. Standard of Review

A defendant may move to dismiss a complaint for insufficient service of process pursuant to FED. R. CIV. P. 12(b)(5). When a defendant raises defective

service as a defense, "[t]he burden is on the plaintiff to establish that his service was not insufficient." *DiFillippo v. Special Metals Corp.*, 299 F.R.D. 348, 353 (N.D.N.Y. 2014) (quoting *Sajimi v. City of New York*, 2011 WL 135004, *3 (E.D.N.Y. Jan. 13, 2011)) (internal citations omitted). "Conclusory statements" that a defendant was properly served are insufficient to meet that burden. *C3 Media & Marketing Group, LLC v. Firstgate Internet, Inc.*, 419 F. Supp. 2d 419, 427 (S.D.N.Y. 2005) (citation omitted). In resolving the motion, "the court 'must look to matters outside the complaint' to determine what steps, if any, the plaintiff took to effect service." *Id.* (quoting *Darden v. DaimlerChrysler N. Am. Holding Corp.*, 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002)). Should the court determine that service of process was insufficient, "the court may, but is not required to, dismiss the action. Alternatively, the court may grant leave to allow the plaintiff to cure the insufficiency." *DiFillippo v. Special Metals Corp.*, 299 F.R.D. at 353 (quoting *Sajimi v. City of New York*, 2011 WL 135004, *3) (internal citations omitted).

Here, FED. R. CIV. P. 4(e) governs the permissible methods of service against the individual Defendants. Under Rule 4(e), a summons can be served on an individual within the United States by 1) delivering a copy of the summons and of the complaint to the individual personally; 2) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who

resides there; 3) delivering a copy of each to an agent authorized by appointment or by law to receive service of process; or 4) can be served pursuant to the law of the state where service is made. FED. R. CIV. P. 4(e)(1-2).

Based on Plaintiff's Affidavit of Service, none of the Defendants were served in conformity with any of the provisions of Rule 4(e)(2): 1) Plaintiff did not personally deliver a copy of the Summons and Complaint to the Defendants; 2) Plaintiff did not leave a copy of each at the Defendants' dwellings or usual places of abode with someone of suitable age and discretion who reside there; nor did Plaintiff 3) deliver a copy of each to Defendants' agent(s). Instead, Plaintiff mailed a copy of the Summons and Complaint, along with a Proof of Service form, to each of the Defendants *via* regular, first-class mail. Dkt. No. 18., Pl.'s Aff. of Serv., dated Feb. 2, 2015, at ¶¶1-6.

Defendants contend that "Plaintiff can only effect service via United States first class mail by complying with Rule 312-a of the New York Civil Practice Law and Rules." Defs.' Mem. of Law at Preliminary Statement. Plaintiff counters that he was attempting to serve process on the Defendants in accordance with FED. R. CIV. P. 4(j). According to FED. R. CIV. P. 4(j)(2), "[a] state, a municipal corporation, or any other state-created governmental organization that is subject to suit" may be served "in the

manner prescribed by that state's law for serving a summons[.]" N.Y. C.P.L.R. 312-a, entitled "Personal service by mail," states that

> a summons and complaint . . . may be served by the plaintiff or any other person by mailing to the person or entity to be served, by first class mail, postage prepaid, a copy of the summons and complaint . . . together with two copies of a statement of service by mail and acknowledgment of receipt in the form set forth in subdivision (d) of this section, with a return envelope, postage prepaid, addressed to the sender.

The Statement of Service form states, in relevant part, "[t]o avoid being charged with the expense of service upon you, you must sign, date and complete the acknowledgment part of this form and mail or deliver one copy of the completed form to the sender within thirty days (30) from the date you receive it." N.Y.C.P.L.R. 312-a(d).

The Court notes that N.Y.C.P.L.R. 312-a is akin to FED. R. CIV. P. 4(d) in that the success of a waiver of service is dependent in large part upon the cooperation of the defendant. N.Y.C.P.L.R. 312-a, Practice Commentaries. Thus, it is clear that to the extent Plaintiff attempted to serve Defendants pursuant to N.Y.C.P.L.R. 312-a, Plaintiff's attempt was unsuccessful. Nonetheless, in this Circuit, Rule 4 is construed liberally "to further the purposes of personal jurisdiction in cases in which the party has received actual notice." *Doe v. Constant*, 354 F. App'x 543, 546 (2d Cir. 2009) (quoting *Grammenos v. Lemos,* 457 F.2d 1067, 1070 (2d Cir. 1972)); *In re Air Cargo*

*Shipping Servs. Antitrust Litig.,* 2010 WL 10947344, at *35 (E.D.N.Y. Sept. 22, 2010) (quoting *Grammenos v. Lemos,* 457 F.2d at 1070). Although courts may dismiss an action due to improper service, it can decline to do so where it "appears that proper service may still be obtained." *Grammenos v. Lemos,* 457 F.2d at 1070.

Here, the Court finds that the defect in service can be easily cured and that there would be minimal prejudice to the Defendants in allowing Plaintiff, proceeding *pro se*, to do so as the Defendants have actual notice of the action, and in fact have received the Summons and Complaint. "Above all, strong factors of justice and equity push toward reading Rule 4(c) as providing for effective mail service where, as here, the recipient actually receives the mail service but refuses to acknowledge it properly." *McGann v. State of New York,* 77 F.3d 672, 674 (2d Cir. 1996) (quoting *Morse v. Elmira Country Club,* 752 F.2d 35, 45, (2d Cir. 1984)). In addition, the Court notes that Judge D'Agostino's August 29, 2014 Decision and Order directed the Clerk of the Court to issue summonses for Defendants Moulton, Willet, Finazzo, Boyea, and Welch; however, the Clerk erroneously terminated Defendant Welch from this action and instead issued a Summons for Defendant Wentzel who should have been terminated from this action pursuant to the August 29 Decision and Order. As a result of this confusion, which in all likelihood led to Plaintiff's failure to attempt service on Defendant Welch, and, as well as the Court's desire to provide Plaintiff

with an opportunity to cure his improper service, the Court is reluctant to recommend dismissal of Plaintiff's action. Thus, the Court recommends **denying** Defendants' Motion to Dismiss.

Furthermore, in order to properly serve Defendants Moulton, Willet, Finazzo, Boyea, and Welch pursuant to N.Y.C.P.L.R. 312-a(a), Plaintiff is instructed to serve each Defendant by first-class mail with a copy of the Summons and Complaint together with two copies of a Statement of Service by mail and Acknowledgment of Receipt with a return envelope, postage prepaid, addressed to Plaintiff.

### III.  CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendants' Motion to Dismiss (Dkt. No. 20) be **DENIED**; and it is further

**ORDERED**, if the above recommendation is accepted, the Clerk of the Court should be directed to reissue Summonses for Defendants Moulton, Willet, Finazzo, Boyea, and Welch, and provide them to Plaintiff so that he may serve Defendants Moulton, Willet, Finazzo, Boyea, and Welch in accordance with Rule 4 of the Federal Rules of Civil Procedure. Based upon the Court's review of this matter, we find good cause exists to extend Plaintiff's time to serve the Defendants. Should the above

recommendation be accepted, a new deadline for service should be set; and it is further

**ORDERED**, that the Clerk terminate Defendant Wentzel from this action and reinstate Defendant Welch to this action; and it is further

**ORDERED**, that the Clerk serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: July 27, 2015
      Albany, New York

_____
Randolph F. Treece
U.S. Magistrate Judge