**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

———————————————————————————

**WOODROW FLEMMING,**

**Plaintiff,**

vs.                                                          **9:13-CV-1324**
                                                               **(MAD/RFT)**

**BRENT MOULTON, C.O. Upstate Correctional**
**Facility; JAMES WILLETT, C.O. Upstate Correctional**
**Facility; MATTHEW WELCH, C.O. Upstate**
**Correctional Facility; JOHN FINAZZO, C.O.**
**Upstate Correctional Facility; and THOMAS BOYEA,**
**Sgt. Upstate Correctional Facility,**

**Defendants.**

———————————————————————————

**APPEARANCES:**                                    **OF COUNSEL:**

**WOODROW FLEMMING**
P.O. Box 146
New York, New York 10039
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**                 **HELENA LYNCH, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

**ORDER**

In a complaint dated October 17, 2013, Plaintiff alleges that Defendants violated his civil

rights during his incarceration at Upstate Correctional Facility ("Upstate C.F."). *See* Dkt. No. 1.

On August 29, 2014, the Court issued a Decision and Order finding that only Plaintiff's Eighth

Amendment excessive force claim against Defendants Moulton, Willett, Welch, Finazzo, and

Boyea survived *sua sponte* review under 28 U.S.C. § 1915A. *See* Dkt. No. 10. In that Decision

and Order, the Court also denied Plaintiff leave to proceed *in forma pauperis* and directed the Clerk of the Court to "issue summonses and forward them to Plaintiff so that he may serve Defendants Moulton, Willett, Welch, Finazzo, and Boyea in accordance with Rule 4 of the Federal Rules of Civil Procedure." *Id.* at 14 n.17. That same day, the Clerk erroneously terminated Defendant Welch instead of Wentzel from this action and, on September 2, 2014, the Clerk provided Plaintiff with summonses for Defendants Boyea, Finazzo, Moulton, Wentzel, and Willett. *See* Dkt. No. 11.

On September 12, 2014, Plaintiff submitted a letter requesting, among other things, that this Court issue an order directing the Attorney General's office to provide Plaintiff with each Defendant's address so that he could effect service. *See* Dkt. No. 12. On January 12, 2015, Plaintiff filed a second letter seeking assistance with service and requested that the Court reissue the summonses as he did not receive them. *See* Dkt. No. 15. On January 15, 2015, the Court issued a text order directing the Clerk to reissue summonses and instructed Plaintiff on how to effect service. *See* Dkt. No. 16.

On February 4, 2015, Upstate C.F. received three envelopes individually addressed to Defendants Boyea, Finazzo, and Wentzel. Each envelope contained one copy of the Summons and Complaint along with a "Proof of Service" form bearing Plaintiff's signature. *See* Dkt. Nos. 20-3 – 20-8. On February 6, 2015, Upstate C.F. received an enveloped addressed to Defendant Willett, which contained a copy of the Summons and Complaint and a "Proof of Service" form signed by Plaintiff. Also on February 6, 2015, Riverview C.F. received an envelope addressed to Defendant Moulton, which contained a copy of the Summons and Complaint, as well as a "Proof of Service" form bearing Plaintiff's signature. *See* Dkt. Nos. 20-11 – 20-12. All five envelopes were mailed *via* the United States Postal Service regular, first-class mail.

On February 25, 2015, Defendants moved to dismiss the Complaint for insufficient service of process. *See* Dkt. No. 20. Specifically, Defendants contend that the mailings were defective since they did not conform to the methods of service prescribed by N.Y.C.P.L.R. § 312-a, which requires mailings to include two copies of a statement of service and acknowledgment of receipt. As such, Defendants contend that service was not completed as they did not "and remain unable to sign and return acknowledgment forms with which they were not provided." *See* Dkt. No. 20-1 at 11.

In a July 27, 2015 Report-Recommendation and Order, Magistrate Judge Treece recommended that the Court deny Defendants' motion. *See* Dkt. No. 25. Specifically, Magistrate Judge Treece found that "the defect in service can be easily cured and that there would be minimal prejudice to the Defendants in allowing Plaintiff, proceeding *pro se*, to do so as the Defendants have actual notice of the action, and in fact have received the Summons and Complaint." *Id.* at 8. The Report-Recommendation and Order also noted that the Clerk erroneously terminated Defendant Welch and issued a summons for Defendant Wentzel, who should have been terminated. *See id.* This confusion likely led to Plaintiff's failure to attempt service on Defendant Welch. *See id.*

Currently before the Court is Magistrate Judge Treece's July 27, 2015 Report-Recommendation and Order recommending that the Court should deny Defendants' motion to dismiss.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same

3

arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

Having carefully reviewed Magistrate Judge Treece's July 27, 2015 Report-Recommendation and Order, the parties' submissions and the applicable law, the Court finds that Magistrate Judge Treece correctly determined that the Court should deny Defendants' motion to dismiss. It is clear that Plaintiff has attempted to comply with the service requirements, that Defendants have actual notice of this action through their receipt of the Summons and Complaint and that they will suffer little prejudice if the Court permits this action to go forward.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Treece's July 27, 2015 Report-Recommendation and Order is **ADOPTED in its entirety** for the reasons set forth therein; and the Court further

**ORDERS** that Defendants' motion to dismiss is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall reissue Summonses for Defendants Moulton, Willett, Finazzo, Boyea, and Welch, and provide them to Plaintiff so that he may serve Defendants Moulton, Willett, Finazzo, Boyea, and Welch in accordance with Rule 4 of the Federal Rules of Civil Procedure;[1] and the Court further

**ORDERS** that Plaintiff shall have **forty-five (45) days** from the date of this Order to serve Defendants; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 1, 2015
      Albany, New York

_Mae A. D'Agostino_
Mae A. D'Agostino
U.S. District Judge

---

[1] Furthermore, in order to properly serve Defendants Moulton, Willet, Finazzo, Boyea, and Welch pursuant to N.Y.C.P.L.R. § 312-a(a), Plaintiff is instructed to serve each Defendant by first-class mail with a copy of the Summons and Complaint together with two copies of a Statement of Service by mail and Acknowledgment of Receipt with a return envelope, postage prepaid, addressed to Plaintiff.