**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

WOODROW FLEMMING,

                              Plaintiff,

            - v -                                        Civ. No. 9:13-CV-1324
                                                                      (MAD/DJS)

BRENT MOULTON, *et al.*,

                                Defendants.
_____

**APPEARANCES:**                                        **OF COUNSEL:**

WOODROW FLEMMING
Plaintiff, *Pro Se*
PO Box 146
New York, New York 10039

HON. ERIC T. SCHNEIDERMAN                   HELENA LYNCH, ESQ.
Attorney General of the State of New York        Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224


**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

*Pro se* Plaintiff Woodrow Flemming commenced this action pursuant to 42 U.S.C. § 1983, alleging claims arising from his incarceration at Upstate Correctional Facility ("Upstate C.F."). Dkt. No. 1, Compl. Plaintiff's sole remaining claim is for excessive force under the Eighth Amendment against Defendants Moulton, Willett, Welch, Finazzo, and Boyea. Dkt. No. 10, Dec. & Order, Aug. 2014. Presently before the Court is Defendants' Motion to Dismiss pursuant to Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. No. 32, Mot. to Dismiss. Defendants specifically argue that Plaintiff has failed to complete proper service and that Plaintiff's excessive

force claim is barred by collateral estoppel. Dkt. No. 32-1, Defs.' Mem. of Law at p. 2. Plaintiff filed a Response. Dkt. No. 35, Resp. For the reasons that follow, the Court recommends that Defendants' Motion be **DENIED** insofar as it is brought under Rule 12(b)(5) and be **GRANTED** insofar as it is based on the ground of collateral estoppel.

## I. BACKGROUND

Plaintiff's Complaint asserts claims arising from an incident that occurred at Upstate C.F. at approximately 4:40 p.m. on October 28, 2010. Compl. at p. 7. Plaintiff was sleeping in his cell wearing headphones and a CPAP machine. *Id.* Defendants observed that Plaintiff was unresponsive lying on his bunk and entered his cell. *Id.* at p. 12. Plaintiff alleges that Defendants then assaulted and used excessive force against him. *Id.* at p. 11. Plaintiff claimed that his injuries following the assault were not recorded and that Defendants denied him all medical treatment. *Id.* at pp. 12 & 36. Plaintiff further alleged claims for deprivation of due process, supervisory liability, and retaliation. *See id.* at pp. 29-30, 32, & 34. In a Decision and Order dated August 29, 2014, the Honorable Mae A. D'Agostino conducted an initial review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A. Dec. & Order, Aug. 2014. The sole claim that survived *sua sponte* review was Plaintiff's excessive force claim against Defendants Moulton, Willett, Welch, Finazzo, and Boyea. *Id.* at p. 6. Because Plaintiff has been denied leave to proceed *in forma pauperis*,[1] the Clerk of the Court was instructed issue summonses to Plaintiff in order that he could serve Moulton, Willett, Welch, Finazzo, and Boyea in accordance with Rule 4 of the Federal Rules of Civil Procedure. *Id.* at p. 14.

Plaintiff attempted to serve Defendants by regular, first-class mail. Dkt. No. 18, Pl.'s Aff.

---

[1] Plaintiff's Application to proceed *in forma pauperis* was denied pursuant to 28 U.S.C. § 1915(g) because the Court determined that Plaintiff had accumulated three "strikes" and was not entitled to the imminent danger exception. Dkt. No. 5.

of Serv., dated Feb. 2, 2015.  On February 4, 2015, Upstate C.F. received three envelopes addressed to Defendants Boyea, Finazzo, and Wentzel.[2]  Dkt. No. 20-3, Donna Mainville Decl., dated Feb. 20, 2015, at ¶¶ 3-20.  Each envelope contained one copy of the Summons and Complaint along with a "Proof of Service" form signed by Plaintiff.  *Id.*  On February 6, 2015, Upstate C.F. received an envelope addressed to Defendant Willett, also containing one copy of the Summons and Complaint, and a "Proof of Service" form signed by Plaintiff.  *Id.* at ¶¶ 23-26.  That same date, Riverview Correctional Facility ("Riverview C.F.") received an envelope addressed to Defendant Moulton, which contained one copy of the Summons and Complaint and a "Proof of Service" form signed by Plaintiff.  Dkt. No. 20-11, Brenda Burke Decl., dated Feb. 20, 2015, at ¶¶ 3-8.

On February 25, 2015, Defendants moved to dismiss the Complaint pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure for improper service of process.  Dkt. No. 20.  Defendants argued that Plaintiff's mailings failed to conform to the method of service prescribed by N.Y. C.P.L.R. 312-a, which requires that service by first-class mail include two copies of a statement of service by mail and an acknowledgment of receipt, along with a return envelope, postage prepaid, addressed to the sender.  Dkt. No. 20-1 at pp. 6-7.

In a Report-Recommendation and Order dated July 27, 2015, the Honorable Randolph F. Treece, United States Magistrate Judge, recommended that Defendants' Motion be denied.  Dkt. No. 25, Rep.-Rec. & Order, dated July 27, 2015.  While finding Plaintiff's attempt at service defective, Judge Treece found that "the defect in service c[ould] be easily cured and that there would be minimal prejudice to the Defendants in allowing Plaintiff, proceeding *pro se*, to do so as the

---

[2] Following the August 29, 2014 Decision and Order, the Clerk mistakenly terminated Defendant Welch, and instead issued Plaintiff a summons for Defendant Wentzel.  *See* Dkt. No. 11.  This clerical error was noted and corrected in the Court's Report-Recommendation and Order dated July 27, 2015.  Dkt. No. 25, Rep.-Rec. & Order, dated July 27, 2015, at p. 10.

*-3-*

Defendants have actual notice of the action, and in fact have received the Summons and Complaint." *Id.* at pp. 7-8. Plaintiff was instructed to serve each Defendant by first-class mail with a copy of the Summons and Complaint, along with two copies of the statement of service by mail and the acknowledgment of receipt required by N.Y. C.P.L.R. 312-a, and a return envelope, postage prepaid, addressed to Plaintiff. *Id.* at p. 9. The Report-Recommendation was adopted in its entirety on September 1, 2015 and Plaintiff was ordered to serve Defendants within forty-five days. Dkt. No. 27, Order, dated Sept. 1, 2015, at p. 5.

The Clerk reissued summons for Defendants Boyea, Finazzo, Moulton, Welch, and Willett. Dkt. No. 28. On September 18, 2015, Riverview C.F. received an envelope addressed to Moulton, sent *via* the United States Postal Service, which contained one copy of the Summons and Complaint along with a "Proof of Service" form signed by Plaintiff. Dkt. No. 32-2, Brenda Burke Decl., dated Oct. 27, 2015, at ¶¶ 3-7; *see also* Dkt. No. 32-3, Burke Decl., dated Oct. 27, 2015, Ex. 1. Also on September 18, 2015, Upstate C.F. received envelopes addressed to Boyea, Finazzo, and Welch, sent *via* the United States Postal Service, and containing one copy of the Summons and Complaint, along with a "Proof of Service" form signed by Plaintiff. Dkt. No. 32-4, Lynn Decoteau Decl., dated Oct. 27, 2015, at ¶¶ 3-7; *see also* Dkt. No. 32-5, Decoteau Decl., Ex. 1. None of Plaintiff's mailings contained the required two copies of the statement of service by mail, the acknowledgment of receipt, and self-addressed pre-paid return envelope. Upstate C.F. did not receive a mailing attempting service on Defendant Willett.

In the present Motion, Defendants again seek to dismiss Plaintiff's Complaint on account of his failure to effect proper service conforming to the requirements of N.Y. C.P.L.R. 312-a. Defs.' Mem. of Law at p. 2. In the alternative, Defendants seek dismissal based on collateral estoppel

because Plaintiff filed a claim regarding the same allegations as the present action in the New York Court of Claims that was dismissed on August 3, 2015, following a trial. *Id.* at 10.

## II. DISCUSSION

### A. Service of Process

"On a Rule 12(b)(5) motion to dismiss, the plaintiff bears the burden of establishing that service was sufficient." *DiFillippo v. Special Metals Corp.*, 299 F.R.D. 348, 353 (N.D.N.Y. 2014) (quoting *Khan v. Khan*, 360 F. App'x 202, 203 (2d Cir. 2010)). "[I]n considering a motion to dismiss pursuant to 12(b)(5) for insufficiency of process, a Court must look to matters outside the complaint to determine whether it has jurisdiction." *Beatie & Osborn LLP v. Patriot Sci. Corp.*, 431 F. Supp. 2d 367, 384 (S.D.N.Y. 2006) (quoting *Darden v. DaimlerChrysler N. Am. Holding Corp.*, 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002)). "If the court determines that service was insufficient, the court may, but is not required to, dismiss the action." *Harrison v. New York*, 95 F. Supp. 3d 293, 312 (E.D.N.Y. 2015) (quoting *Nolan v. Cuomo*, 2013 WL 168674, at *7 (E.D.N.Y. Jan. 16, 2013)). Rule 4 is "to be construed liberally 'to further the purpose of finding personal jurisdiction in cases in which the party has received actual notice.'" *Romandette v. Weetabix Co.*, 807 F.2d 309, 311 (2d Cir. 1986) (quoting *Grammenos v. Lemos*, 457 F.2d 1067, 1070 (2d Cir. 1972)). "[I]ncomplete or improper service will lead the court to dismiss the action *unless it appears that proper service may still be obtained.*" *Id.* (quoting *Grammenos v. Lemos*, 457 F.2d at 1070).

Under Rule 4(e), service may be accomplished pursuant to the law of the state in which service is made. FED. R. CIV. P. 4(e). Plaintiff has attempted to serve Defendants by first-class mail under N.Y. C.P.L.R. 312-a. N.Y. C.P.L.R. 312-a authorizes service by "mailing to the person or entity to be served, by first class mail, postage prepaid, a copy of the summons and complaint . . .

together with two copies of a statement of service by mail and acknowledgment of receipt in the form set forth in subdivision (d) of this section, with a return envelope, postage prepaid, addressed to the sender." N.Y. C.P.L.R. 312-a. It is undisputed that Plaintiff's most recent attempt to serve Defendants under N.Y. C.P.L.R. 312-a suffers from the same deficiencies as his earlier attempts. Specifically, Plaintiff has failed to serve Defendants with the required two copies of the statement of service by mail, the acknowledgment of receipt, and self-addressed pre-paid return envelope. *See* Burke Decl., dated Oct. 27, 2015, Ex. 1; Decoteau Decl., Ex. 1. Defendants also assert that Plaintiff has wholly failed to serve Defendant Willett. Defs.' Mem. of Law at p. 7. Plaintiff asserts that he served Willett, Resp. at ¶ 6, but does not offer proof of service.[3] Thus, Plaintiff has also failed to meet his burden to prove adequate service on Willett. *See Harrison v. New York*, 95 F. Supp. 3d at 318 (finding that the plaintiff failed to meet burden of demonstrating proper service where burden had shifted on Rule 12(b)(5) motion).

Plaintiff has had an opportunity to cure the deficiencies in his attempts at service and the Court has given Plaintiff specific instructions on how to complete service. Rep.-Rec. & Order at p. 9. The failure to complete service despite extensions and directives from the court may warrant dismissal of a complaint, even when a party is proceeding *pro se*. *See, e.g.*, *Rankel v. Town of Somers*, 999 F. Supp. 2d 527, 539 (S.D.N.Y. 2014). Nonetheless, the Court recommends that dismissal of the Complaint on this ground is not warranted. First, this is not a case where Plaintiff has ignored his obligation to serve Defendants; rather, Plaintiff has attempted service several times. The same factors that counseled in favor of denying Defendants' earlier Motion weigh in favor of

---

[3] Plaintiff attaches an Affirmation of Service to his Response. *See* Resp. at pp. 14-15 (citation to the pagination assigned by the Court's Case Management Electronic Case Files ("CM/ECF") System). However, the Affirmation of Service attests to Plaintiff's earlier attempt to serve Defendants. *See id.* at p. 15 (dated February 2, 2015).

denying the present Motion: Defendants have had actual notice of the action and the defects in service can still be easily cured and proper service obtained. *See Romandette v. Weetabix Co.*, 807 F.2d at 311. Second, the Court notes that in his objection to the Report-Recommendation addressing Defendants' earlier Motion, Plaintiff requested service by the U.S. Marshal. Dkt. No. 26, Obj. Under Rule 4(c)(3) of the Federal Rules of Civil Procedure, "[a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or a person specially appointed by the court." FED. R. CIV. P. 4(c)(3). Plaintiff renews his request for service by the U.S. Marshal in his Response to Defendants' Motion. Resp. at ¶¶ 12-16.

Accordingly, the Court recommends that Defendants' Motion to dismiss Plaintiff's Complaint on the ground of improper service be denied and that Plaintiff's request for service by the U.S. Marshal be granted. If this recommendation is adopted, Plaintiff is advised that before the U.S. Marshal will undertake service on his behalf he must (1) provide the service fee[4] in full **in advance** by money order or certified check and (2) provide all necessary papers for service, including completed U.S. Marshals Forms (USM-285 Form), Summonses,[5] and copies of the Complaint. Plaintiff is also warned that it is his responsibility to be aware of the deadline for service set if this recommendation is adopted. If service has not been accomplished by the time that deadline is approaching, it is Plaintiff's responsibility to follow up with the U.S. Marshal's Office to ensure timely service.

### B. Collateral Estoppel

Defendants also seek to dismiss Plaintiff's Complaint on the ground of collateral estoppel

---

[4] For service by mail, the fee is $8.00 per summons and complaint. The cost of service on the five Defendants remaining in this action is $40.00.

[5] The U.S. Marshals Forms and Summonses can be obtained from the Office of the Clerk of the Court.

based on the dismissal of an excessive force claim arising from the same events as the present case by the New York Court of Claims. Defs.' Mem. of Law at p. 2. Dismissal on a motion under 12(b)(6) based on the doctrines of res judicata or collateral estoppel is appropriate when "it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law." *Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 86 (2d Cir. 2000); *Day v. Moscow*, 955 F.2d 807, 811 (2d Cir. 1992). In considering a motion to dismiss, courts are "'permitted to take judicial notice of matters of public record' . . . including 'the fact of such litigation and related filings.'" *5-Star Mgmt., Inc. v. Rogers*, 940 F. Supp. 512, 518 (E.D.N.Y. 1996) (citations omitted); *see also Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) ("[C]ourts routinely take judicial notice of documents filed in other courts . . . to establish the fact of such litigation and related filings."); *Cowan v. Ernest Codelia, P.C.*, 149 F. Supp. 2d 67, 70 (S.D.N.Y. 2001) ("[I]t is proper to consider public documents on a motion to dismiss to determine whether claims are barred by prior litigation."). "Judicial notice, however, generally does not extend to the truth of the matter asserted in the other litigation." *5-Star Mgmt., Inc. v. Rogers*, 940 F. Supp. at 519. Furthermore, a court can consider pleadings from prior lawsuits attached to the motion to dismiss "without converting the motion to one for summary judgment." *Tabrizi v. Faxton-St. Luke's Healthcare*, 2011 WL 6842989, at *2 (N.D.N.Y. Dec. 29, 2011) (citing *Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000)). Defendants have attached as Exhibits Plaintiff's Notice of Intention to File Claim, the caption to an affidavit and memorandum of law filed by Plaintiff, and the decision issued by the Court of Claims on August 3, 2015. Dkt. Nos. 32-7, Helena Lynch Decl., dated Oct. 28, 2015, Ex. 1 ("Notice of Claim"); 32-8, Lynch Decl., Ex. 2 ("Caption"); 32-9, Lynch Decl., Ex. 3 ("Court of Claims Decision"). The Court therefore takes judicial notice of these Exhibits as public

documents in an official judicial proceeding. *See Candelaria v. Erickson*, 2007 WL 1793443, at \*2 (S.D.N.Y. June 18, 2007). The Court takes judicial notice of these documents to determine whether collateral estoppel bars the present action, not for the truth of the matters contained therein.

On or about November 18, 2010, Plaintiff filed a Notice of Claim with the Court of Claims. Notice of Claim. In the Claim, Plaintiff alleged that on October 28, 2010, at approximately 4:10 p.m., he was sleeping in his cell, when Sergeant Boyea and other officers entered the cell and used excessive force against him. *Id.* at p. 1. Plaintiff states that the officers were "beating, hitting, and trying to twist his left arm to be hand[cuffed]." *Id.*

A trial was held on Plaintiff's claim on March 3, 2015. Court of Claims Dec. at p. 1. At the trial, Plaintiff and Sergeant Boyea testified. *Id.* at pp. 1-2. Plaintiff offered twenty documents into evidence and the State offered seven exhibits. *Id.* at p. 2. In a Decision issued August 3, 2015, Court of Claims Judge W. Brooks DeBow found that "the preponderance of credible evidence establishes . . . that the force used by the COs was not unreasonable or excessive." *Id.* at p. 8. Judge DeBow considered discrepancies in Plaintiff and Boyea's accounts of the use of force. *Id.* at p. 7. Plaintiff testified that "he awoke to find a CO with a plexiglass shield on top of him and trying to handcuff him, that he was thrown up against a wall and subsequently forced from his cell down to the holding pen." *Id.* Boyea, on the other hand, stated that "when [Plaintiff] was awakened, he made an aggressive move by swinging at a CO, that he struggled with the COs, and that they utilized reasonable force in subduing, handcuffing and escorting [Plaintiff] to the holding pen." *Id.* Based on the other evidence received at trial and the demeanor of the witnesses, Judge DeBow found Boyea's testimony more credible. *Id.* Accordingly, Judge DeBow concluded that Plaintiff's "aggressive response to being awakened authorized a use of force, and that the force used by the

COs was not unreasonable or excessive." *Id.* at p. 8.

"It is well-settled that collateral estoppel may bar a plaintiff from bringing an action in federal court pursuant to 42 U.S.C. § 1983." *Shell v. Brun*, 362 F. Supp. 2d 398, 400 (W.D.N.Y. 2005) (citing *Allen v. McCurry*, 449 U.S. 90 (1980)). Federal courts must "give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984) (quoting *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 466 (1982)). "Under New York law, the doctrine of collateral estoppel 'precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same.'" *Burgos v. Hopkins*, 14 F.3d 787, 792 (2d Cir. 1994) (quoting *Ryan v. New York Tel.*, 467 N.E.2d 487, 490 (N.Y. 1984)). "There are two requirements for the application of collateral estoppel to an issue: (1) '[t]here must be an identity of issue which has been necessarily decided in the prior action and is decisive of the present action,' and (2) 'there must have been a full and fair opportunity to contest the decision now said to be controlling.'" *Id.* (quoting *Schwartz v. Pub. Adm'r*, 246 N.E.2d 725, 729 (N.Y. 1969)). "The party seeking the benefit of collateral estoppel bears the burden of proving the identity of the issues, while the party challenging its application bears the burden of showing that he or she did not have a full and fair opportunity to adjudicate the claims involving those issues." *Khandhar v. Elfenbein*, 943 F.2d 244, 247 (2d Cir. 1991) (citing *Kaufman v. Eli Lilly & Co.*, 482 N.E.2d 63, 67 (N.Y. 1985)).

To show an identity of issue, "the issue must have been material to the first action or proceeding and essential to the decision rendered therein . . . and it must be the point actually to be

determined in the second action or proceeding such that 'a different judgment in the second would destroy or impair rights or interests established in the first.'" *Ryan v. New York Tel. Co.*, 467 N.E.2d at 490 (citations omitted). Here, the issue to be determined in this case—whether Defendants applied excessive force to Plaintiff on October 28, 2010—was actually and necessarily decided by the Court of Claims in Defendants' favor. Judge DeBow found following a trial on the merits that the preponderance of the evidence did not support a finding that there was an excessive use of force. Court of Claims Dec. at p. 8. Although Plaintiff's claim in the state action against the State was different than his civil rights claim here against the individual officers, "'[w]hat is controlling is the identity of the issue which has been necessarily decided in the prior action or proceeding . . .' not the way the cause of action is framed, the nature of the relief sought, or the availability of the relief in the prior forum." *D'Andrea v. Hulton*, 81 F. Supp. 2d 440, 444 (W.D.N.Y. 1999) (quoting *Ryan v. New York Tel. Co.*, 467 N.E.2d at 490)). Numerous district courts in the Second Circuit have held that a plaintiff's § 1983 excessive force claim against individual officers may be barred under collateral estoppel by a prior action brought in the Court of Claims against the State concerning the same underlying incident. *Shell v. Brun*, 362 F. Supp. 2d at 401; *D'Andrea v. Hulton*, 81 F. Supp. 2d at 445-46; *Wright v. Coughlin*, 1987 WL 19633, at *2 (S.D.N.Y. Nov. 5, 1987); *see also Rivera v. Patnode*, 2012 WL 1029661, at *5 (N.D.N.Y. Mar. 26, 2012) (finding that collateral estoppel precluded § 1983 claims for interference with legal mail and access to the courts based on prior Court of Claims action against the State); *Cox v. C.O. Colgane*, 1998 WL 148424, at *5 (S.D.N.Y. Mar. 27, 1998) (finding that collateral estoppel barred § 1983 claim for deliberate medical indifference based on prior Court of Claims action against the State). Thus, the Court finds that the issue decided by the Court of Claims is identical to the issue to be decided in the present action.

The Court must next consider whether Plaintiff had a full and fair opportunity to litigate his excessive force claim in the Court of Claims. Among the factors to be considered in determining whether a party has had a full and fair opportunity to adjudicate his claims in a prior action include "the nature of the forum and the importance of the claim in the prior litigation, the incentive and initiative to litigate the actual extent of the litigation, the competence and expertise of counsel, the availability of new evidence, the differences in the applicable law and the foreseeability of future litigation." *Ryan v. New York Tel. Co.*, 467 N.E.2d at 491. "[T]he party challenging [the] application [of collateral estoppel] bears the burden of showing that he or she did not have a full and fair opportunity to adjudicate the claims involving those issues." *Khandhar v. Elfenbein*, 943 F.2d at 247. Plaintiff presents no arguments and nothing in the record suggests that Plaintiff was denied a full and fair opportunity to litigate his excessive force claim in the Court of Claims. Plaintiff was afforded a trial on the merits of his claim, at which Plaintiff testified, made oral argument, and introduced twenty exhibits into evidence. Court of Claims Dec. at p. 2. Plaintiff commenced his action in the Court of Claims against the State after he commenced the present action against the individual officers, and therefore had an incentive to fully litigate that action. While Plaintiff proceeded *pro se*, "[t]he mere fact that the plaintiff proceeded *pro se* does not sufficiently establish that he was denied a full and fair opportunity to be heard." *Wright v. Coughlin*, 1987 WL 19633, at *2 (citing *Clark v. Dep't of Corr. Servs.*, 564 F. Supp. 787, 789 (S.D.N.Y. 1983)).

Accordingly, the Court recommends that Defendants' Motion to dismiss Plaintiff's action on the ground of collateral estoppel be **GRANTED**.

### III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendants' Motion to Dismiss (Dkt. No. 32) on the ground of collateral estoppel be **GRANTED** and that Plaintiff's Complaint (Dkt. No. 1) be **DISMISSED**; alternatively, it is further

**RECOMMENDED**, that Defendants' Motion to Dismiss (Dkt. No. 32) on the ground of improper service under Rule 12(b)(5) of the Federal Rules of Civil Procedure be **DENIED**. If this recommendation is accepted, a new deadline for service should be set. If Plaintiff elects to have the U.S. Marshal effect service on his behalf, Plaintiff must (1) pay the service fee due to the U.S. Marshal in full **in advance** by money order or certified check and (2) provide the U.S. Marshal with all necessary papers for service, including completed U.S. Marshal Forms (USM-285 Form), Summonses, and copies of the Complaint; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: May 5, 2016
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge