**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**WOODROW FLEMMING,**

                        **Plaintiff,**

  vs.                                                       **9:13-CV-01324
                                                              (MAD/DJS)**

**BRENT MOULTON, C.O. Upstate Correctional Facility;
JAMES WILLETT, C.O. Upstate Correctional Facility;
MATTHEW WELCH, C.O. Upstate Correctional Facility;
JOHN FINAZZO, C.O. Upstate Correctional Facility; and
THOMAS BOYEA, Sgt. Upstate Correctional Facility,**

                        **Defendants.**
_____

**APPEARANCES:**                                **OF COUNSEL:**

**WOODROW FLEMMING**
P.O. Box 146
New York, New York 10039
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**          **HELENA LYNCH, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      Plaintiff, an inmate at Upstate Correctional Facility, commenced this civil rights action pursuant to 42 U.S.C. § 1983, alleging that Defendants Moulton, Willett, Welch, Finazzo and Boyea subjected him to excessive force, in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. *See* Dkt. No. 1; Dkt. No. 10. On October 28, 2015, Defendants filed a motion to dismiss pursuant to Rules 12(b)(5) and 12(b)(6), arguing that Plaintiff failed to complete proper service and that Plaintiff's excessive force claim is barred by

collateral estoppel. *See* Dkt. No. 32. In a May 5, 2016 Report-Recommendation and Order, Magistrate Judge Stewart recommended that the Court grant Defendants' motion on the ground of collateral estoppel and dismiss Plaintiff's complaint. *See* Dkt. No. 38. He also recommended that the Court deny Defendants' motion on the ground of improper service. *Id.* Neither party objected to Magistrate Judge Stewart's Report-Recommendation and Order.

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (other citations omitted). The Second Circuit has opined that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendation made by the magistrate judge." 28 U.S.C. § 636(b)(1).

"On a Rule 12(b)(5) motion to dismiss, the plaintiff bears the burden of establishing that service was sufficient." *Khan v. Khan*, 360 Fed. Appx. 202, 203 (2d Cir. 2010) (citing *Burda*

2

*Media, Inc. v. Viertel*, 417 F3d 292, 298 (2d Cir. 2005)). Rule 4 of the Federal Rules of Civil Procedure states that an individual may be served in a judicial district of the United States by "following state law for serving a summons . . . in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e). Rule 312-a of the New York Civil Practice Law and Rules ("CPLR") states that an individual may be served as follows: "by first class mail, postage prepaid, a copy of the summons and complaint . . . together with two copies of a statement of service by mail and acknowledgment of receipt in the form set forth in subdivision (d) of this section, with a return envelope, postage prepaid, addressed to the sender." N.Y. C.P.L.R. § 312-a. Additionally, service may be effected by "delivering a copy of the summons and of the complaint to the individual personally; . . . leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or . . . delivering a copy of each to an agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(e)(2)(A). The purpose of the service requirements is "to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *see also Durant v. Traditional Invs., Ltd.*, No. 88 CIV. 9048, 1990 WL 33611, *3 (S.D.N.Y. Mar. 22, 1990) ("[W]hen a defendant receives actual notice of a lawsuit brought against him, technical imperfections with service will rarely invalidate the service").

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). "The burden is on the plaintiff to establish that his service was not insufficient. If the court determines that it was insufficient, the court may, but is not required to, dismiss the action. Alternatively, the court may grant leave to allow the plaintiff to cure the

insufficiency." *Sajimi v. City of New York*, No. 07–CV–3252, 2011 WL 135004, *3 (E.D.N.Y. Jan. 13, 2011) (internal citations omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2001). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

Collateral estoppel "precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same." *Burgos v. Hopkins*, 14 F.3d 787, 792 (2d Cir. 1994) (quoting *Ryan v. New York Tel.*, 467 N.E.2d 487, 490 (N.Y. 1984)). In order for collateral estoppel to apply, there must be "an identity of issue which has been necessarily decided in the prior action and is decisive of the present action," and "there must have been a full and fair opportunity to contest the decision now said to be controlling." *Id.* (quoting *Schwartz v. Pub. Adm'r*, 246 N.E.2d 725, 729 (N.Y. 1969)).

In the present case, the Court finds that Magistrate Judge Stewart correctly recommended that the Court deny Defendants' motion to dismiss on the ground of improper service. Plaintiff attempted service several times, and as a result, Defendants have had actual notice of the action. *See Romandette v. Weetabix Co.*, 807 F.2d 309, 311 (2d Cir. 1986). Further, the defects in service could be easily cured. *Id.*

The Court also finds that Magistrate Judge Stewart correctly recommended that the Court grant Defendants' motion to dismiss on the ground of collateral estoppel. The issue to be determined – whether Defendants subjected Plaintiff to excessive force – was actually and necessarily decided by the Court of Claims in Defendants' favor. Dkt. No. 38 at 11. Moreover, Plaintiff has not presented any arguments or evidence suggesting that he was denied a full and fair opportunity to litigate his excessive force claim in the Court of Claims. *Id.*

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Stewart's Report-Recommendation and Order (Dkt. No. 38) is **ADOPTED** in its entirety for reasons set forth therein; and the Court further

**ORDERS** that Defendants' Motion to Dismiss (Dkt. No. 32) is **GRANTED** and Plaintiff's Complaint is **DISMISSED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 11, 2016
      Albany, New York

Mae A. D'Agostino
U.S. District Judge